UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DEBRA SLOAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:04-CV-375<br><br>Chief Judge Curtis L. Collier |

**MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner Debra Sloan ("Petitioner") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Pursuant to the Court's Order (Court File No. 2), the United States filed a response to Petitioner's motion (Court File No. 5, "Government's Response"). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in her Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's motion for the following reasons.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:03-CR-90, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

On July 24, 2003, Petitioner pleaded guilty pursuant to a written plea agreement to one count of attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) (*see* Crim. Court File Nos. 35, 45). Petitioner stipulated to the following facts in the Plea Agreement:

> On or about January 11, 2003 in Bradley County, Tennessee, in the Eastern District of Tennessee, Debra Sloan entered a convenience store and stole a quantity of pseudoephedrine. The theft was recorded on the store's video camera. Pseudoephedrine is used to make methamphetamine. On January 27, 2003, officers went to Sloan's Bradley County home to ask about the theft. Debra Sloan came to the door and closed it behind her before the officers could see inside. The officers smelled a strong chemical odor. Debra Sloan said she had been buying "pills" for Aaron Lawson and she confirmed that Lawson had recently blown up a meth lab in Meigs County. She stated that she and her son (Stephen Heffentrager) bought pills for Lawson. She refused to consent to a search of her home. On February 20, 2003, officers returned to her home with an arrest warrant, and she consented in writing to a search. Officers found items commonly used to make methamphetamine, including HEET, muriatic acid, alcohol, Coleman fuel, hydrogen peroxide, iodine, methanol, lye, and red phosphorous. Officers also found a trash bag full of matches, empty pseudoephedrine blister packs, tubing, and various layered liquids. A person who lives in the same neighborhood as the Sloans would testify to being present when Jason Smith, Debra and Tim Sloan, and Stephen Heffentrager together made methamphetamine in the home. A cooperating coconspirator would testify to the same, that is, that Smith, the Sloans, and Heffentrager cooked methamphetamine together in the home as recently as February 19, 2003.

(Crim. Court File No. 50, Plea Agreement.)

The Presentence Investigation Report ("PSR") was prepared and provided to the parties. The probation officer determined Petitioner should be held responsible for 226.8 grams of methamphetamine mixture, resulting in a base offense level of 28 (PSR at ¶ 19). A six-level enhancement was applied pursuant to USSG § 2D1.1(b)(5)(C) for substantial risk of harm to a minor (PSR at ¶ 20). After a three-level downward adjustment for acceptance of responsibility, Petitioner's total offense level was 31 (PSR at ¶ 28). Based upon a total offense level of 31 and a criminal history category of III, Petitioner's Guideline range for imprisonment was 135 to 168

2

months (PSR at ¶ 50).

Petitioner, through counsel, filed a motion for downward departure based on extraordinary physical impairments and her medical condition (Crim. Court File No. 52). Petitioner and her co-defendants objected to the drug quantity and the enhancement for substantial risk of harm to a minor (PSR Addendum). The Court heard extensive testimony from several witnesses regarding drug quantity and the six-level enhancement during a three-day sentencing hearing. Following lengthy arguments by counsel, the Court reduced the drug quantity attributed to Petitioner, resulting in a base offense level of 26 (Crim. Court File No. 80, Sentencing Transcript at 197-98). The Court found Petitioner's offense level should be increased due to a substantial risk of harm to a minor (*Id*. at 255) and also found Petitioner's offense level should be increased two levels pursuant to USSG § 3B1.4 based upon evidence the defendants in this case used a minor in the commission of the crime (*Id*. at 264). Petitioner's total offense level accordingly was 31 and her Guideline range was 135 to 168 months (*Id*. at 289). The Court denied Petitioner's motion for a downward departure, finding Petitioner could receive more than adequate treatment for her medical condition by the Bureau of Prisons (*Id*. at 275-77).

On December 19, 2003, the Court sentenced Petitioner to a 155-month term of imprisonment (*Id*. at 279; Crim. Court File No. 66). Petitioner was represented by attorney Paul Bergmann, III at all stages of the proceedings. Petitioner did not directly appeal her conviction or sentence.

On November 30, 2004, Petitioner timely filed the present motion to vacate, set aside, or correct her conviction pursuant to 28 U.S.C. § 2255. Petitioner now raises six claims attacking the judgment in her case (Court File No. 1). For the reasons stated below, these claims provide no basis to grant her Petition.

3

**II.     STANDARD OF REVIEW**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  This Court has jurisdiction under 28 U.S.C. § 1331.  Petitioner has the burden of establishing any claim asserted in the petition.  *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings.  *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).  In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).  Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard:  (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Essentially all of Petitioner's claims rest on allegations of ineffective assistance of counsel.

4

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id*. at 697, 104 S. Ct. at 2069.

### III. **DISCUSSION**

As stated previously, Petitioner asserts six grounds upon which she argues the Court should vacate, set aside, or correct her sentence. Petitioner contends (1) she was denied effective assistance of counsel when her attorney failed to object to the sentencing enhancements on Sixth Amendment grounds, relying on the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004); (2) she suffered ineffective assistance of counsel when her attorney failed to raise the argument the Court lacked jurisdiction over her; (3) she was denied

effective assistance of counsel when her attorney failed to move to suppress evidence at the sentencing hearing; (4) the Court committed "plain error" in its determination of the drug amount and she suffered ineffective assistance of counsel for counsel's failure to object to the method used by the court; (5) she did not receive effective assistance of counsel when her counsel failed to object to hearsay testimony at sentencing that violated the Confrontation Clause; and (6) her sentence was improper under *Blakely* (*see* Court File No. 1).[2]

      **A.**      **Ineffective Assistance of Counsel - *Blakely* and *Apprendi***

Petitioner first argues her counsel was constitutionally ineffective in failing to object to the sentencing enhancements on Sixth Amendment grounds, relying on the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 220 (2004). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. As Petitioner was not sentenced beyond the prescribed statutory maximum period of twenty years, *see* 21 U.S.C. § 841(b)(1)(C), Petitioner's counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission.

Regarding the *Blakely* allegations of ineffective assistance of counsel, *Blakely* was decided six months after Petitioner's sentence was imposed, and its reasoning applied to the federal Sentencing Guidelines following the January 2005 Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005). The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") has previously rejected a claim for ineffective assistance of counsel where counsel failed to anticipate

---

[2]As Petitioner's first and sixth grounds both reference *Blakely*, the Court will address Petitioner's arguments in ground six within the Court's discussion of ground one.

and raise an objection based on the subsequent change in law created by *Blakely* and *Booker*:

> Burgess's trial counsel cannot be deemed ineffective for failing to anticipate the Supreme Court's June 24, 2004 holding in *Blakely* that the Sixth Amendment precluded the imposition of a sentence under Washington state's sentencing system based on facts not found by a jury or admitted by the defendant. See *Blakely*, 124 S.Ct. at 2537-38 (applying *Apprendi*). The Supreme Court had not even agreed to hear the appeal in *Blakely* until over a month after Burgess's sentencing. See *Blakely v. Washington*, 540 U.S. 965, 124 S.Ct. 429, 157 L.Ed.2d 309 (Oct. 20, 2003). Nor can counsel be deemed ineffective for lacking the additional prescience to anticipate that the eventual holding in *Blakely* would lead to the Supreme Court's January 12, 2005 decision in *Booker* to remedy potential Sixth Amendment problems in the application of the federal Sentencing Guidelines by declaring the Guidelines advisory only, *Booker*, 125 S.Ct. at 764-67, particularly because the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *Blakely*, 124 S.Ct. at 2538 n. 9.

*U.S. v. Burgess*, 2005 WL 1515327, *7 (6th Cir. June 22, 2005) (internal citations omitted). Since the Court chose a reasonable sentence within the Guideline range and rejected the lowest sentence possible within the range, Petitioner fails to meet her burden to show prejudice resulting from this failure. Therefore, Petitioner's claim fails both prongs of the *Strickland* test. Counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

### B. Ineffective Assistance of Counsel - Lack of Jurisdiction

Petitioner next argues this Court lacked jurisdiction because the indictment failed to charge a specific drug amount, and she asserts her counsel was constitutionally ineffective in failing to raise this argument.

As the Government's response correctly states, the indictment in this case was not deficient in charging defendants with attempting to manufacture an indeterminate amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), with the Court then determining the specific drug amount for purposes of determining the base offense level for

8

sentencing. Sentencing factors need not be charged in an indictment. "An indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez- Torres v. United States*, 523 U.S. 224, 228 (1998) (citation omitted); *see also United States v. Perez- Olalde*, 328 F.3d 222, 224 (6th Cir. 2003). Drug quantity is not an element of the crime with which Petitioner was charged, violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). Petitioner's claim is legally incorrect, and counsel was not deficient in failing to raise it, nor was petitioner prejudiced by that omission. Therefore, the Court will **DENY** Petitioner's claim for relief on this ground.

>    **C.    Ineffective Assistance of Counsel - Failure to Move to Suppress Evidence at Sentencing**

In her third ground, Petitioner claims counsel was constitutionally ineffective by failing to move to suppress evidence presented at the sentencing hearing that allegedly was seized in violation of her Fourth Amendment rights. She argues she consented to a search of her house so officers could look for Jason Smith and their discovery of methamphetamine lab items exceeded the scope of her consent. Petitioner argues, but for counsel's failure to move to suppress, the evidence used to determine drug quantity would have been suppressed.

Again, Petitioner's argument is legally incorrect. Even if there were a Fourth Amendment violation, the exclusionary rule would not apply to exclude the evidence seized in the search of her home. In *United States v. Jenkins*, 4 F.3d 1338 (6th Cir. 1993), *cert. denied*, 511 U.S. 1034 (1994), the Sixth Circuit held crack cocaine seized in violation of the Fourth Amendment could be included for purposes of determining defendants' offense levels under the Guidelines. *Id.* at 1344. The exclusionary rule did not apply at sentencing unless it could be shown the evidence was seized for the purpose of enhancing the defendant's sentence. *Id*. Thus counsel was not deficient and

9

Petitioner was not prejudiced by counsel's failure to move to suppress evidence relied upon to determine drug amount in this case. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

### D. Ineffective Assistance of Counsel - Failure to Object to the Court's Determination of the Drug Quantity

In her fourth claim, Petitioner attacks the method used to determine the drug quantity and she alleges counsel was constitutionally deficient in failing to object to that method. Petitioner claims the drug quantity was "extrapolated from an empty jug of iodine," asserts the Government instead was required to prove the quantity of drugs that could be made by the components on hand at the time, and asserts because all the necessary components were not present, no drug amount could be shown. This argument is wholly without merit.

First, Petitioner's statement is factually inaccurate. The drug quantity was determined by converting a full gallon of iodine, using a 1:1:2 ratio, which was the ratio proposed by defendants (PSR at ¶ 14; see Crim. Court File No. 80, Sentencing Transcript at 192-94). Second, all four defendants agreed this was the proper method of calculation (Crim. Court File No. 80 at 193-94). The Court then added to this amount specific quantities based upon testimony at the sentencing hearing, and determined defendants should be held accountable for between 150 to 155 grams of methamphetamine, resulting in a base offense level of 26 (*Id*. 197-98). All of the defendants agreed this was the proper method for calculating the drug amount and this was the correct amount (*Id*. at 198).

To the extent Petitioner now asserts this was an improper method, she has procedurally defaulted that claim by failing to file a direct appeal and must demonstrate "cause" excusing that default and "actual prejudice," or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622

10

(1998); *Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001). In addition, where a petitioner alleges on collateral review an error in the Guideline calculations but does not raise a constitutional or jurisdictional issue, relief is unwarranted unless the petitioner demonstrates a fundamental miscarriage of justice. *See Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997).

Petitioner's arguments fail to demonstrate any error in the drug quantity calculation, much less an egregious error warranting relief by way of § 2255. Petitioner offers no authority or support for her argument asserting the Government had to prove defendants possessed *all* of the necessary components to manufacture methamphetamine on the date of the search to ascertain a drug quantity. The Sixth Circuit has affirmed sentences based on the quantity and yield of one chemical component of methamphetamine found at a methamphetamine laboratory, or one chemical component simply purchased by a defendant with a methamphetamine laboratory. *See, e.g., United States v. Thompson*, 2004 WL 103015 (6th Cir. January 21, 2004) (affirming the drug quantity calculated by converting the amount of tincture of iodine purchased by defendant without regard to other chemicals or components which may or may not have been in the methamphetamine lab). As such, Petitioner's claims are completely without merit. Counsel was not deficient in failing to object to the method used by the Court in calculating the drug quantity, as evidenced by the fact all four defendants' attorneys agreed to the Court's method of the drug quantity calculation. Petitioner was not prejudiced by this omission. Thus, the Court will **DENY** Petitioner's claim for relief on this ground.

D.     **Ineffective Assistance of Counsel -Violation of Confrontation Clause**

Petitioner's fifth ground for relief is an objection to the Court's reliance on the alleged hearsay testimony of an 18-year-old witness, which Petitioner asserts was the basis for the Court's

11

Case 1:04-cv-00375   Document 6   Filed 05/23/06   Page 11 of 14   PageID #: 12

imposition of the enhancement for substantial risk of harm to a minor. Petitioner claims "to base a sentence on hearsay would not only violate the rules of evidence but deny Petitioner her Constitutional rights [sic] to confront her accusers." Petitioner asserts since there was "no properly admissible evidence, other than hearsay, produced at the sentencing hearing concerning any potential endangerment of a minor, the enhancement on that basis was plain error and should be vacated." Petitioner again argues counsel was deficient in failing to make this objection.

Again, Petitioner's claim is factually and legally inaccurate. First, the enhancement was based not only or even primarily on the 18-year-old witness's testimony at the hearing but on the Court's reasonable inferences from undisputed facts. These reasonable inferences were bolstered by the testimony of multiple witnesses (See Crim. Court File No. 80, 255-56).

Second, even if the Court considered hearsay testimony, it is well-settled that hearsay is admissible at sentencing proceedings and that the Confrontation Clause does not apply to such proceedings. *See United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005). This claim is wholly without merit, and counsel was not deficient, nor was Petitioner prejudiced, by the failure to raise it. According, the Court will **DENY** Petitioner's claim for relief on this ground.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a §

12

Case 1:04-cv-00375   Document 6   Filed 05/23/06   Page 12 of 14   PageID #: 13

imposition of the enhancement for substantial risk of harm to a minor. Petitioner claims "to base a sentence on hearsay would not only violate the rules of evidence but deny Petitioner her Constitutional rights [sic] to confront her accusers." Petitioner asserts since there was "no properly admissible evidence, other than hearsay, produced at the sentencing hearing concerning any potential endangerment of a minor, the enhancement on that basis was plain error and should be vacated." Petitioner again argues counsel was deficient in failing to make this objection.

Again, Petitioner's claim is factually and legally inaccurate. First, the enhancement was based not only or even primarily on the 18-year-old witness's testimony at the hearing but on the Court's reasonable inferences from undisputed facts. These reasonable inferences were bolstered by the testimony of multiple witnesses (See Crim. Court File No. 80, 255-56).

Second, even if the Court considered hearsay testimony, it is well-settled that hearsay is admissible at sentencing proceedings and that the Confrontation Clause does not apply to such proceedings. *See United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005). This claim is wholly without merit, and counsel was not deficient, nor was Petitioner prejudiced, by the failure to raise it. According, the Court will **DENY** Petitioner's claim for relief on this ground.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a §

2255 motion.[3] Section 2255 now incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and she cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

---

[3]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and she may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**